## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  22-mj-03456-McAliley

UNITED STATES OF AMERICA

V

NEPMAR JESUS ESCALONA,
    Defendant.

_____/

FILED BY_____ *dgj* ____D.C.

**Aug 26, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - mia

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  *Andrea Goldbarg*
_____

Andrea Goldbarg
Assistant United States Attorney
Court ID No.   A5502556
99 N.E. 4th Street
Miami, Florida 33132
Tel: 305-961-9309
Email: Andrea.Goldbarg@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Nepmar Jesus Escalona, | ) | Case No. 22-mj-03456-McAliley |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___January 2010-September 2017___ in the county of _____ Miami-Dade _____ in the

___Southern___ District of _____. Forida_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Sections 11956(h). | Conpsiracy to Launder Monetary Instruments |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Willi Callo*

*Complainant's signature*

Special Agent William A. Callo, DEA
*Printed name and title*

Attested to in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 by Face Time.

Date: _August 26, 2022_

*Chris M. Aliley*

*Judge's signature*

City and state: _____ Miami, FL _____

Hon. Chris M. McAliley, US Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

Your Affiant William Callo, first being duly sworn, states as follows:

1.      I am a Special Agent with the United States Drug Enforcement Administration (hereinafter DEA), and have been so employed since 2012.  I am presently assigned to the Miami Field Division, where I am responsible primarily for conducting narcotics trafficking and money laundering investigations.  As a Special Agent with DEA, I have participated in numerous narcotics investigations involving: physical and electronic surveillance; the control and administration of confidential sources; international drug importations; international money laundering; foreign bribery; foreign government corruption; fraudulent importation/exportation of goods; and transnational organized crime.  I have participated in the arrest and subsequent prosecution of numerous drug traffickers and money launderers.  I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods, and practices that drug traffickers and money launderers use to further the operation of their organizations, as well as the most effective methods of investigating and dismantling drug trafficking and money laundering organizations. I have previously investigated smuggling, bribery, and government corruption in Colombia and Venezuela related to drug trafficking.  I am familiar with some of the import/export regulations there, as well as the black market for US dollars in and around Caracas, as well as Cucuta, Colombia.

2.      As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21, and 46 of the United States Code.

3.      The information contained in this affidavit is submitted for the sole purpose of establishing probable cause to arrest NEPMAR JESUS ESCALONA for violations of Title 18, United States Code, Sections 1956(h), having knowingly conspired with at least one other person to launder monetary instruments, that is,

a. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represent the proceeds of some form of unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise nature, location, source, ownership, and control of proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

4.      Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation.  The facts and information contained in this

affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation, as well as my review of records, documents, and other physical items obtained during the course of this investigation.

5.      The Government of Venezuela employs strict currency and import/export controls through a regulatory body known today, in English, as the National Center for Foreign Commerce, or CENCOEX.  The same agency was previously known, in English, as the Commission for the Administration of Currency Exchange, or CADIVI.

6.      Venezuelan importers intending to pay vendors outside of Venezuela in a currency other than Venezuelan bolivars must first acquire permits from CENCOEX. Permissions are granted based on a series of sworn documents submitted by the importer, including information regarding the potential vendor and the weight, price, quantity, and quality of the import.

7.      NEPMAR JESUS ESCALONA has resided and been self-employed in Miami-Dade County, Florida, since approximately March 18, 2014.  He previously resided in Venezuela and was employed as a Major in the Venezuelan National Guard.

8.      In and January of 2010, NEPMAR JESUS ESCALONA entered into an agreement to defraud Banesco Bank and the Government of Venezuela in partnership with two individuals to whom I have spoken, referred to here as Co-Conspirator #1 and Co-Conspirator #2.

9.      The agreement was for the trio and several others to knowingly submit hundreds of fraudulent applications to the Venezuelan currency regulation authority, also known as CADIVI, in order to deceive Banesco, the Venezuelan Central Bank, and the Venezuelan

customs authorities, into releasing millions of dollars to the conspirators outside of Venezuela. The fraudulent applications were submitted to finance purported food imports to Venezuela, but in reality were an artifice to enrich the conspirators without importing the food products.

10.     For example, I have observed documents showing that in April of 2014, NEPMAR JESUS ESCALONA provided his partners with Venezuelan bolivars worth approximately $164,000 to finance the purported import of a food product worth $1.677 million.

11.     From the Southern District of Florida, NEPMAR JESUS ESCALONA arranged for the $164,000 to be delivered to the Banesco account in Venezuela belonging to the food manufacturing business of an associate named Osvaldo Berrios.

12.     NEPMAR JESUS ESCALONA arranged for Berrios' firm, Alimentos Berrios C.A., also known as Albeca, to provide false paperwork to CADIVI stating Albeca's intention to import from Brazil a chemical compound called Aldehyde C10, at a cost of approximately $1.677 million.

13.     NEPMAR JESUS ESCALONA arranged for a series of bribes to be paid to officials in Venezuela to prevent the detection of the fraudulent importation of Aldehyde C10.

14.     On or about May 21-22, 2014, CADIVI granted twelve permits to pay a total of $1.677 million to Ka-Mar Trading in Brazil for the purported sale of Aldehyde C10 to Albeca.

15.     Based on the twelve permits acquired by Albeca under false pretenses, Banesco wire transferred twelve payments totaling $1.677 million from Albeca's account to Ka-Mar Trading's account at Banco do Brasil.

16.     The twelve wire transfers from Banesco to Banco do Brasil passed through correspondent bank accounts located at financial institutions in the United States.

17.     Via email and telephone calls from the Southern District of Florida, NEPMAR JESUS ESCALONA instructed Co-conspirator #1 to wire transfer proceeds of the fraud, as well as funds constituting bribes, to five bank accounts at Wells Fargo, Bank of America, UBS Bank, and Mercantil Commercebank; none of which were held in his own name.

18.     At the direction of NEPMAR JESUS ESCALONA, Co-conspirator #1 did wire transfer proceeds of the fraud, as well as funds constituting bribes, from a bank account in Hong Kong, China, to:

|   | Bank | Approximate Date | Approximate Amount |
|---|------|------------------|--------------------|
| 1. | Wells Fargo Bank, N.A. | June 30, 2014 | $33,352.44 |
| 2. | UBS AG | June 30, 2014 | $100,057.00 |
| 3. | Mercantil Commercebank, N.A. | June 30, 2014 | $8,338.00 |
| 4. | UBS AG | July 9, 2014 | $200,000.00 |
| 5. | Bank of America, N.A. | December 29, 2014 | $79,100.00 |

19.     The funds from the five wire transfers in the previous paragraph all entered financial institutions in the United States, including but not limited to the Southern District of Florida.

20.     As part of the money laundering conspiracy in 2016 and 2017, NEPMAR JESUS ESCALONA conducted a series of phone calls and meetings with Co-Conspirator #1 and Co-Conspirator #2 in the Southern District of Florida and elsewhere. During these conversations, including on or about September 18, 2017, NEPMAR JESUS ESCALONA attempted to collect profits and attempted to be reimbursed for expenses incurred in furtherance of the conspiracy.

21.     Based on the foregoing facts, your Affiant submits that probable cause exists to

believe that, NEPMAR JESUS ESCALONA, while in the Southern District of Florida, did

knowingly conspire with at least one other person to launder monetary instruments, all in

violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(2).

FURTHER AFFIANT SAYETH NAUGHT.

WILLIAM CALLO, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1
by this the 26th   day of August, 2022.

HONORABLE CHRIS M. McAULEY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

6