UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20423-RNS

UNITED STATES OF AMERICA

vs.

NEPMAR JESUS ESCALONA,

       Defendant.
_____/

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.   1. *Defendant's Oral Statements*
On September 16, 2022, the government delivered via email its first production of documents, including a copy of the defendant's arrest report (bates stamped MLARS_000001 to MLARS_000002), as well as DEA reports of a series of in-person voluntary interviews between the defendant and DEA agents in 2018 (MLARS_000006 to MLARS_000014). The substance of further oral statements by the defendant to law enforcement can be found in subsequent productions by the government via USAfx between September 21, 2022, and October 5, 2022 (MLARS_000017 to MLARS_006793).

Furthermore, during a meeting between the parties at the U.S. Attorney's Office in Miami on October 26, 2022, the government summarized some of the most relevant oral statements made by the defendant to DEA during its investigation.

2. *Defendant's Written and Recorded Statements*
On November 9 and 10, 2022, the government delivered two discovery productions via FedEx, bates stamped MLARS_0006794 to MLARS_007073, containing approximately fifty audio and video recordings of the defendant.

That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is included in the discovery productions described above.

1

3. The defendant did not testify before the Grand Jury.

4. The defendant's prior criminal record, if any exists, will be made available upon receipt by this office. At present, the government is not aware of any prior criminal record of the defendant.

5. The discovery productions bates stamped MLARS_0000001 to MLARS_007073 and further described in this response are not necessarily copies of all the books, papers, documents, etc, that the government may introduce at trial. Original copies of files included in MLARS_0000001 to MLARS_007073, as well as other books, papers, documents, photographs, tangible objects, buildings, or places which the government intends to use as evidence at trial to prove its case-in-chief, or were obtained or belonging to the defendant, may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Suite 624, Miami, Florida. The defendant is advised to call the undersigned to set up a date and time that is reasonable and convenient to both parties.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case-in-chief proof of evidence pursuant to F.R.E. 404(b). The defendant is hereby on notice that all evidence made available to defense counsel for inspection, as well as all

    statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     The defendant is not an aggrieved person, as defined in Title 18 U.S.C. § 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. § 1301.13, a sufficient representative sample of any alleged contraband that is the subject of this indictment to allow independent chemical analysis of such sample.

    If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

    The government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.     At the discovery conference referenced in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

    In addition to the request made above by the government pursuant to both Section B of the

Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

>  Time: see indictment;
>  Date: see indictment;
>  Place: see indictment.

>  Respectfully submitted,
>
>  JUAN ANTONIO GONZALEZ
>  UNITED STATES ATTORNEY
>
>  By:  /s/ Andrea Goldbarg
>  ANDREA GOLDBARG
>  Assistant United States Attorney
>  Court ID No. A5502556
>  99 Northeast 4th Street
>  Miami, Florida 33132-2111
>  Telephone: 305-961-9421
>  Email: agoldbarg@usdoj.gov
>
>  And    BRENT S. WIBLE
>  ACTING CHIEF
>  MONEY LAUNDERING AND ASSET
>  RECOVERY SECTION
>
>  By:  /s/ Joseph Palazzo
>  JOSEPH PALAZZO
>  Trial Attorney
>  Court ID No. A5502141
>  Money Laundering and Asset Recovery Section
>  U.S. Department of Justice, Criminal Division
>  1400 New York Avenue, N.W. – 10th Floor
>  Washington, D.C. 20005
>  Tel: (202) 514-1263
>  Email: joseph.palazzo@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that today, November 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was emailed this day to counsel of record.

>  /s/ *Joseph Palazzo*
>  JOSEPH PALAZZO