UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.    CASE NO: 22-20423-CR-SCOLA/GOODMAN

NEPMAR J. ESCALONA,

    *Defendant.*

_____/

## UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL

Defendant, Nepmar J. Escalona ("Mr. Escalona"), through undersigned counsel, hereby files his unopposed motion to continue the trial presently scheduled for October 10, 2023. Because this case involves a complex and unique situation – both factually and legally – which includes commercial and financial events that happened almost entirely in Venezuela, and the Government intends to rely heavily on Venezuelan criminal law to prosecute Mr. Escalona, a continuance of the trial lengthier than usual is required. There's no way that undersigned counsel could provide effective assistance of counsel without having a good understanding of the many events that took place in Venezuela years ago and, equally important, a good understanding of Venezuela's criminal law because the Government intends to present and argue Venezuela's criminal law to the jury at trial. For these reasons, and others detailed below, it is requested that the trial be continued until March of 2024, at the earliest.

### BACKGROUND

On June 15, 2023, less than three months ago, undersigned counsel filed his notice of appearance in this case, *see* DE # 71, substituting for the previous attorneys.

*Discovery*

Soon thereafter, undersigned counsel began conferring with both previous counsel and the Government to make sure that all discovery to date was being efficiently transferred. In doing so, undersigned counsel became aware of the voluminous nature and complexity of the discovery. In fact, the Government has supplemented its responses to the Standing Discovery Order a considerable number of times, which responses have been provided intermittently, as follows:

- November 14, 2022, (the initial) Response to Standing Discovery Order. DE # 23.
- December 20, 2022, Second Response to Standing Discovery Order. DE # 24.
- December 29, 2022, Third Response to Standing Discovery Order. DE # 25.
- March 23, 2023, Fourth Response to Standing Discovery Order. DE #43.
- April 3, 2023, Fifth Response to Standing Discovery Order. DE # 44.
- May 12, 2023, Sixth Response to Standing Discovery Order. DE #57.
- June 2, 2023, Seventh Response to Standing Discovery Order. DE #66.
- June 16, 2023 (provided one day after undersigned filed his notice of appearance), Eight Response to Standing Discovery Order. DE # 72.

The Government's eight responses to the Standing Discovery Order were followed by at least 17 discovery productions that included such items as a substantial number of emails; an extensive number and variety of financial documents; numerous bank records; investigative reports; recordings; *thousands* of Title III (wiretap) recorded calls; *thousands* of linesheets related to the Title III wiretap, etc. In short, the discovery production in this case is enormous.

*Federal Rule 404(b) Evidence*

The Government also intends to put on Rule 404(b) evidence at trial going as far back as "ten years immediately prior to the conspiracy." *See* DE # 36. Because the conspiracy here

2

**JOSE M. QUIÑON, P.A.**
*75 Valencia Avenue, Suite 800, Coral Gables, FL 33134 Tel. (305) 858-5700. Fax (305) 358-7848 jquinon@quinonlaw.com*

allegedly spans from 2010 to 2017, see DE # 10 at 1, this means at trial the Government intends to introduce evidence stretching over twenty years. If that was not challenging (or bad) enough, the events covered during those twenty-some years involve events that took place in a foreign country; namely, Venezuela. And so, undersigned counsel – to render effective assistance of counsel, as he must – needs sufficient time to deal with the many obstacles presented by this case.

### *Foreign Law*

Among the various atypical twists and turns of this case, we find the Government's extremely heavy reliance on foreign law. More to the point, the Government filed a notice under Fed. R. Crim. P. 26.1 noticing its intent to introduce evidence of foreign law – specifically, Venezuelan *criminal law* – to prove Mr. Escalona's guilt at trial. DE #56. The government also listed an expert witness who will testify regarding Venezuela's criminal law. DE # 79.

The indictment alleges "that the specified unlawful activity" supporting the international money laundering count here "is wire fraud; offenses against a foreign nation involving fraud against a foreign bank; and offenses against a foreign nation involving bribery of a public official; punishable under the laws of the United States *and Venezuela*." DE # 10 at 2 (emphasis added). So, the Government has effectively announced its intention to prove at trial the reach and violation of at least nine separate and distinct Venezuelan criminal statutes and/or laws. Further, the Government may request jury instructions as to the criminal laws of Venezuela that its expert testifies about.[1] Accordingly, undersigned counsel will need sufficient time to learn about Venezuela's criminal law and how such laws fit into the instant case.

---

[1] As of the filing of this motion, undersigned counsel has not retained a Venezuela criminal law expert witness.

*Motions*

Undersigned counsel anticipates filing motions to dismiss the indictment based on recent rulings, as well as filing responses opposing the Government's use of Venezuela's criminal law to prosecute this case, and possibly other motions.

*The Continuance is Requested in Good Faith*

The continuance in this case is requested in good faith and not for dilatory reasons. The Government does not object to the relief requested. As previously noted, undersigned counsel filed his notice of appearance on June 15, 2023, less than three months ago, but when that was done, he was busy preparing for a jury trial that started before Judge Darrin P. Gayles – *United States v. Alberico Ahias Crespo*, Case No. 21-20005 – which lasted a bit over three weeks, and ended on Monday, August 28. And after the Crespo trial, undersigned counsel has been catching up with several matters that accumulated in other cases. Thus, the undersigned needs the additional time requested to get ready for trial.[2]

**WHEREFORE**, for the foregoing reasons, Mr. Escalona respectfully requests a continuance of the trial until no earlier than March 2024.

Respectfully submitted,

**JOSE QUINON, P.A.**
*Attorney for Nepmar J. Escalona*
75 Valencia Ave., Suite 800
Coral Gables, Florida 33134
Tel.: 305-858-5700
Fax: 305-858-7848
Cell (786) 348-3778

BY: /s/ *Jose Quinon*
       Jose Quinon
       Fla. Bar No.: 201944

---

[2] This case has been previously continued, including when the parties have submitted joint motions for continuance. *See* DE # 30 (Joint Motion for Continuance); DE # 53 (Joint Motion for Continuance); and Magistrate Judge Jonathan Goodman set the last trial date sua sponte. DE # 78.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Unopposed Motion for Continuance of Trial was furnished via CM/ECF to all counsel of record this 14th day of September 2023.

*Jose M. Quinon*
JOSE M. QUINON