UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20423-CR-SCOLA

UNITED STATES OF AMERICA

vs.

NEPMAR JESUS ESCALONA,

      Defendant.
_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida and the Money Laundering and Asset Recovery Section of the United States Department of Justice Criminal Division (together, the "Government") and the defendant Nepmar Jesus Escalona (the "defendant") enter into the following plea agreement:

1. The defendant agrees to waive a trial and plead guilty to the sole charge contained in the Indictment, which count charges that, from in or about January of 2010 until September 18, 2017, the defendant conspired to commit money laundering, that is,

    a. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

    b. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United

Deft's initials _N.E._

1

States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represent the proceeds of some form of unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise nature, location, source, ownership, and control of proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

The parties agree that, as charged in the Indictment, the specified unlawful activity is wire fraud, as defined in 18 U.S.C. § 1956(c)(7)(A); offenses against a foreign nation involving fraud against a foreign bank, as defined in 18 U.S.C. § 1956(c)(7)(B)(iii); and offenses against a foreign nation involving bribery of a public official, as defined in 18 U.S.C. § 1956(c)(7)(B)(iv).

2. The defendant is fully aware that a sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines"), as well as other factors enumerated in Title 18, United States Code, Section 3553(a). Although the Sentencing Guidelines are only advisory and just one factor that the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the Government and the defendant will jointly recommend to the Court the following minimum base offense level, specific offense characteristics, adjustments and departures:

a. Base Offense Level ("BOL") pursuant to USSG § 2S1.1(a)(2):

    8

b. BOL increased under § 2B1.1(b)(1)(G) – amount of laundered funds was over $250,000 and less than $550,000:

    + 12

Deft's initials *N.E.*

2

   c. Increase under § 2S1.1(b)(2)(B) – defendant was convicted under 18 U.S.C. § 1956:

      + 2

   d. Decrease for Acceptance of Responsibility under § 3E1.1 – see proceeding Paragraph 8 of this Plea Agreement for further explanation:

      - 3

   e. Decrease for Meeting Certain Criteria as a First Time Offender under § 4C1.1(a) – see proceeding Paragraph 9 of this Plea Agreement for further explanation:

      - 2

   f. Total adjusted Sentencing Guidelines offense level:

      = 17

The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the Plea Agreement, and the defendant will not be allowed to withdraw his plea of guilty.

3. The defendant further acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and

Deft's initials *N.E.*

acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one (1) of this agreement and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that for the charge in the Indictment of conspiracy to launder monetary instruments in violation of Title 18, United States Code, Section 1956(h), the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release. The Court may also impose a fine of whichever is greater: a fine of up to $500,000; or a fine of twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer. In addition to a term of imprisonment and a fine, the Court may also order restitution and forfeiture.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph four (4) of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Government further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the

Deft's initials *N.E.*

government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph two (2) above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the Government, or a recommendation made jointly by both the defendant and the Government.

8. The Government agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing, the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one (1) level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea

agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The Government agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 4C1.1(a) of the Sentencing Guidelines, based upon the Government's current understanding that the defendant has met all ten criteria outlined in Section 4C1.1(a)(1)-(10). If the probation office or the Court determines the defendant to be ineligible for such an adjustment, the Government has the right to rescind its recommendation, or to withdraw from this agreement. Knowing this, the defendant understands and acknowledges that the defendant may not withdraw the plea solely as a result of disagreement by the probation office, the Court, or the Government regarding the application of Section 4C1.1(a).

10. The Government and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Dollar amount of funds laundered:</u> That the defendant conspired to launder, did launder, and attempted to launder no less than $420,847.44;

    b. The defendant was not the organizer or manager of the conspiracy; and,

    c. The defendant shall pay a forfeiture money judgment of $841,694.88.

11. In the event that the defendant chooses to seek a variance from the sentencing guideline range, the defendant further agrees that any such application shall be filed in writing with the Court and served on the United States no later than the deadline for submitting objections to the Pre-Sentence Investigation Report stated in Federal Rule of Criminal Procedure 32(f)(1).

Deft's initials *N.E.*

11. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy to launder monetary instruments charged in the Indictment to which the defendant is pleading guilty. The defendant agrees to consent to the entry of orders of forfeiture for such property and for a money judgment equal in value to the total amount of proceeds he obtained as a result of his offense of conviction. The defendant admits and agrees that the conduct described in the Indictment and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the Government. The defendant further agrees that the United States shall, at its discretion, be entitled to forfeiture of any property of the defendant, as substitute assets, to satisfy the money judgment. The defendant further agrees that all elements of Title 21, United States Code, Section 853(p), have been satisfied.

12. The defendant agrees to waive any appeal of the forfeiture. The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any applicable time limits for the initiation of administrative or judicial forfeiture proceedings and/or further notification of any such forfeiture brought against the property sought for forfeiture.

13. The defendant agrees that the defendant shall assist the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his/her

knowledge have accumulated as a result of illegal activities, including but not limited to the conduct charged in the Indictment to which the defendant is pleading guilty. Additionally, the defendant agrees to delivery to the Government upon the Government's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. Defendant knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeiture. The defendant understands that forfeiture is independent of any assessments, fines, costs, restitution, or any other penalty that may be imposed by the court.

14. The defendant agrees to make full and accurate disclosure of his financial affairs to the Government and expressly authorizes the Government to obtain a credit report. The defendant agrees that within 10 calendar days and upon request of the Government, the defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees that providing false or incomplete information about his financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (a) separate prosecution, including, under Title 18, United States Code, Section 1001; or (b) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines § 3E1.1. The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the Government, until his forfeiture money judgment is paid in full.

8

Deft's initials _N.E._

15. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the Government in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

16. The Government and the defendant stipulate to and agree not to contest the facts in the Factual Proffer filed herewith, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case. The defendant agrees that the facts in the Factual Proffer are true and correct to the best of the defendant's knowledge. Because the factual basis set forth in the Factual Proffer has the limited purpose of supporting the defendant's guilty plea to the charge discussed in paragraph one (1) above, the factual basis set forth in the Factual Proffer does not purport to represent all facts

Deft's initials *N.E.*

9

and circumstances relating to the defendant's participation. Similarly, the factual basis in the Factual Proffer is not intended to identify all knowledge the defendant might have of the unlawful activity of other individuals.

17. In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charge identified in paragraph one (1) above, or should the Government, in its sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, the Government will be released from its obligations under this agreement, and the defendant agrees and understands that:

(a) the defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence;

(b) that any statements made by the defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the Government;

(c) the defendant's waiver of any defense based on the statute of limitations and venue, including the waiver set forth in this agreement, or any defense based on the passage of time in filing an Indictment or Information, referred to herein, shall remain in full force and effect;

(d) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or the Government; and

Deft's initials _N. E._

(e) the defendant has adopted the entire factual basis as the defendant's statements, and the defendant has stipulated to the admissibility of the Factual Proffer filed herewith in any case brought by the United States.

18. This is the entire agreement and understanding between the Government and the defendant. There are no other agreements, promises, representations, or understandings.

[intentionally left blank]

Deft's initials *N.E.*

Date: 3/4/2024

By: _____
ANDREA GOLDBARG
ASSISTANT UNITED STATES ATTORNEY

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
JOSEPH PALAZZO
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

Date: March 4, 2024

By: _____
JOSE QUIÑON
ATTORNEY FOR THE DEFENDANT

Date: 02/26/2024

By: _____
NEPMAR JESUS ESCALONA
DEFENDANT

12

Deft's initials _____